# IN THE COURT OF APPEALS OF IOWA

No. 20-0756
Filed August 19, 2020

**IN THE INTEREST OF G.G., G.G., and G.G.,**
**Minor Children,**

**M.M., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.

A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**

Sarah E. Dewein of Cunningham & Kelso, P.L.L.C., Urbandale, for appellant

mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

Cathleen Siebrecht of Siebrecht Law Firm, Des Moines, attorney for minor

children.

Nicole Garbis Nolan, Youth Law Center, Des Moines, guardian ad litem for

minor children.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

A mother appeals the termination of her parental rights to her three children.[1]  The juvenile court removed the children from the mother's care in October 2018 due to the mother's methamphetamine use.  The court later adjudicated the children in need of assistance (CINA).  The mother continued to test positive for methamphetamine and deny her use, only beginning outpatient treatment almost a year after the children's removal.  When the mother again tested positive in October and December 2019, the State petitioned to terminate her parental rights.  After a hearing in February 2020, the juvenile court granted the petition.  On appeal, we review the termination proceedings de novo.  *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) and (*l*) (2020).  We may affirm if the evidence supports termination on either ground.  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  The court may terminate parental rights under section 232.116(1)(f) if these elements are established by clear and convincing evidence:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

---

[1] The father's parental rights were also terminated.  He is not a party to this appeal.

The mother challenges the evidence showing the children could not be returned to her custody at the time of termination without exposing the children to harm amounting to a new CINA adjudication. *See* Iowa Code § 232.116(1)(f)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting that the court cannot return a child to the parent's custody as provided in section 232.102 if doing so would expose the child to any harm amounting to a new CINA adjudication).

Clear and convincing evidence establishes the grounds for termination under section 232.116(1)(f). The mother has a history of substance use, and she was diagnosed with severe stimulant methamphetamine use disorder in August 2019. Despite many positive drug tests throughout the CINA proceedings, the mother was dishonest with her service providers and continued denying her methamphetamine use. In the fifteen months following the children's removal, the mother made no real progress on her substance-abuse issues and, as a result, was in no better position to care for the children than when the court removed them from her care. If returned to the mother's care, there is a high probability that history would repeat and the children would again be adjudicated CINA. *See A.B.*, 815 N.W.2d at 778 (noting that a parent's past performance "may be indicative of the quality of the future care that parent is capable of providing" (citation omitted)).

The mother also disputes that termination is in the children's best interests. *See* Iowa Code § 232.116(2); *D.W.*, 791 N.W.2d at 706-07 (requiring that the court "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights"). In

determining best interests, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements" we consider in making this determination are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). As stated above, the mother's unresolved substance-use issues prevent the mother from providing the children with the safety and stability they require. Termination is in the children's best interests.

Finally, we must decide whether any of the provisions of section 232.116(3) apply. *See P.L.*, 778 N.W.2d at 41. Section 232.116(3) states that the court "need not terminate the relationship between the parent and child" in some cases. If any of the circumstances outlined in section 232.116(3) apply, the court may decline to terminate parental rights depending on the facts of the case before it and the child's best interests. *See A.S.*, 906 N.W.2d at 475. The mother asks us to decline to terminate her parental rights under Iowa Code section 232.116(3)(c), which states that the court need not terminate if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

The juvenile court found that the mother failed to present evidence showing that any of the circumstances outlined in section 232.116(3) exist. We agree. Although the children's attorney informed the juvenile court that the children miss the mother, were "very sad" that they could not live with her, and wanted to return to her care, the evidence falls far short of showing that terminating the mother's

parental rights would be detrimental to the children.  The children's attorney also acknowledged that the children were "confused as to why any adult in their life would choose drugs over them" and felt safe, happy, loved, and "part of th[e] family" in their foster home.  But, even assuming one of the circumstances listed in section 232.116(3) exists, we decline to apply the provisions of that section because the evidence clearly establishes that termination is in the children's best interests.

**AFFIRMED.**